UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SMITH,<br>  Petitioner,<br> v.<br>PEOPLE OF ALAMEDA COUNTY,<br>  Respondent. | Case No. 17-cv-03096-SI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br>Re: Dkt. Nos. 1, 6 |

  Anthony Smith, a prisoner at the High Desert State Prison, filed this *pro se* action seeking a writ of habeas corpus. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

  This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

  A habeas petitioner must "specify all the grounds for relief available to [him]" and "state the facts supporting each ground." Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity); *Wacht v. Cardwell*, 604 F.2d 1245, 1246-47 (9th Cir. 1979) (same). A primary purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the

respondent should be ordered to show cause why the writ should not be granted. *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (citing 28 U.S.C. § 2253). Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the respondent to answer an order to show cause. *See Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir. 1970).

Smith's petition fails to state a claim for federal habeas relief. Smith has not alleged any violation of the Constitution, laws or treaties of the United States. And he has not alleged any coherent set of facts showing such a violation. In the portion of the form where a petitioner is instructed to state his claims for relief, Smith wrote only the following: "New law under the 3 strikes repeal. My base term is burglary." Docket No. 1 at 5. In his amended petition, Smith must identify each particular provision in the Constitution, laws or treaties of the United States that was violated. He also must allege facts showing each such violation.

Smith also has failed to clearly identify the decision he is challenging. He alleges that he was sentenced to "38 to life under 3 strikes," but he does not state the crimes of which he was convicted, or the date when that sentence was imposed. Docket No. 1 at 1. The lack of information about the conviction, combined with the incoherent claim for relief, leaves the reader uncertain as to the particular decision being challenged in the present petition. It is quite likely that he is challenging a burglary conviction that resulted in a sentence of 38 years to life, but it also is possible that he has had some subsequent proceeding, such as a hearing on a petition for resentencing under the Three Strikes Reform Act, California Penal Code § 1170.126. In his amended petition, Smith must clearly identify the decision he is challenging, e.g., his conviction, or a denial of a petition for resentencing, or some other decision.

A further problem is that the petition may be an unauthorized second or successive petition. The general rule is that a prisoner may file only one federal petition for writ of habeas corpus to challenge a conviction and resulting sentence; a later petition challenging the same conviction and sentence is subject to dismissal as being a second petition (i.e., presenting a new claim that could have been presented in the first petition) or a successive petition (i.e., presenting the same claim again after it was presented in the first petition). A second or successive petition may not be filed in this court unless the petitioner first obtains from the United States Court of

1  Appeals an order permitting this court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Smith's first federal petition for writ of habeas corpus challenging the 2007 burglary conviction for which he had received a sentence of 38 years to life was filed in 2013 and dismissed as time barred on May 22, 2014. *See* Docket No. 23 in *Smith v. Grounds*, Case No. 13-cv-206 SI. If Smith is attempting to challenge the burglary conviction and sentence imposed in 2007, he must explain why this action should not be dismissed for failure to first obtain permission from the Ninth Circuit to file a second or successive petition.

Finally, Smith's request for appointment of counsel is DENIED. Docket No. 6. The court will not consider a request for appointment of counsel unless and until there is a petition on file that meets the basic requirements set out in this order, i.e., a petition that (a) states one or more claims for a violation of Smith's rights under the Constitution, laws or treaties of the United States; (b) sets out the facts supporting each such claim; (c) identifies the decision being challenged; and (d) is not a second or successive petition.

The petition for writ of habeas corpus is DISMISSED WITH LEAVE TO AMEND. Smith must file an amended petition curing the deficiencies identified in this order. In preparing his amended petition, Smith should bear in mind that this court cannot consider a claim unless state court remedies have been exhausted for that claim. The exhaustion requirement means that he must present each and every claim to the California Supreme Court in a petition for review or in a habeas petition to give that court a fair opportunity to rule on the merits of it before this court can consider the claim. Smith must file an amended petition no later than **October 6, 2017**. The amended petition should have the case caption and case number on the first page and should be clearly marked "Amended Petition." Failure to file the amended petition by the deadline will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: September 1, 2017

SUSAN ILLSTON
United States District Judge

3