UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY SMITH,

    Petitioner,

v.

PEOPLE OF ALAMEDA COUNTY,

    Respondent.

Case No. 17-cv-03096-SI

**ORDER OF DISMISSAL**

Anthony Smith, a prisoner at the High Desert State Prison, filed this *pro se* action seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court reviewed the petition for writ of habeas corpus and dismissed it with leave to amend. The order of dismissal with leave to amend identified several deficiencies in the petition: Smith had not alleged any violation of the Constitution, laws or treaties of the United States; Smith had not alleged a coherent set of facts showing any such violation; and Smith was unclear whether he was challenging his burglary conviction and sentence or a subsequent decision, such as a resentencing under the Three Strikes Reform Act. *See* Docket No. 7 at 2.

Smith then filed an amended petition for writ of habeas corpus. Docket Nos. 9, 10. (The documents at Docket No. 9 and Docket No. 10 are pencil originals of the same document.) The amended petition made little headway in curing the deficiencies in the original petition. Nonetheless, the court can discern that Smith's amended petition attempts to challenge his conviction and sentence thereon, as statements in the amended petition suggest that his plea agreement was not knowing and voluntary, and his conviction violated double jeopardy principles. He also suggests that this court should resentence him under the Three Strikes Reform Act.

1 Smith has challenged his burglary conviction previously and must obtain the appellate court's permission to challenge it again. Smith's first federal petition for writ of habeas corpus challenging the 2007 burglary conviction for which he had received a sentence of 38 years to life was filed in 2013 and dismissed as time barred on May 22, 2014. *See* Docket No. 23 in *Smith v. Grounds*, Case No. 13-cv-206 SI. This court denied a certificate of appealability. Smith did not attempt to appeal or seek a certificate of appealability from the United States Court of Appeals for the Ninth Circuit.

A second or successive petition may not be filed in this court unless the petitioner first obtains from the Ninth Circuit an order permitting this court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Smith has not obtained the required permission from the Ninth Circuit. This court will not entertain a new petition for writ of habeas corpus from Smith until he first obtains permission from the Ninth Circuit to file such a petition. This action is DISMISSED without prejudice to Smith filing a new petition for writ of habeas corpus in this court after he obtains the necessary order from the Ninth Circuit.

If petitioner wants to attempt to obtain the necessary order from the Ninth Circuit, he should file an "Application For Leave To File Second Or Successive Petition" in the Ninth Circuit (at 95 Seventh Street, San Francisco, CA 94103). A copy of the form application is enclosed with this order for his convenience.

Finally, Smith appears to request that this court resentence him under the Three Strikes Reform Act. His request is directed to the wrong court: a federal court cannot resentence a prisoner convicted in state court. Any request for resentencing under the Three Strikes Reform Act, *see* Cal. Penal Code § 1170.126 must be made to the state superior court in which the prisoner originally was convicted and sentenced.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 26, 2018

_____
SUSAN ILLSTON
United States District Judge